Dear Mayor Wiggins:
You have requested an opinion of this office as to the following situations:
 1) Is it proper for two members of the Jamestown Village Council to vote for a motion "to close the remaining unopened streets and alleyways of the Village of Jamestown" where both of these councilmen "owned property adjoining the streets to be vacated", and where there are three members of the council.
 2) Can the Village of Jamestown permanently retain the mineral rights under said streets and alleyways, if they have been properly revocated.
Question one is more properly within the jurisdiction of the Louisiana Board of Ethics and has been referred to them.
The answer to your second question begins with an examination of La.R.S. 48:701, which is the statute governing revocation of dedications and which reads in part "[T]he parish governing authorities and municipal corporations of the state, except in the parish of Orleans, may revoke and set aside the dedication of all roads, streets and alleyways laid out and dedicated to public use within the respective limits, when the roads, streets and alleyways have been abandoned or are no longer needed for public purposes. Upon such revocation, all of the soil covered byand embraced in the roads, streets or alleyways up to the center linethereof, shall revert to the then present owner or owners of the landcontiguous thereto."
In the case of Arkansas-Louisiana Gas Co. v. Parker Oil Co. Inc., et al190 La. 957, 183 So. 229, the Supreme Court of Louisiana interpreted this statute in a dispute between the original dedicator of the roads and the then contiguous owners over the mineral rights under the road after the road had been properly revoked. On Rehearing, the Court found that the mineral rights belonged to the then contiguous owners immediately upon revocation of the road by operation of law.
Therefore, immediately upon revocation of the of the dedication of the streets and alleyways in the Village of Jamestown, the streets and alleyways and the soil under the streets and alleyways, including the mineral rights thereto, became the property of the then contiguous owners. The village may not keep the mineral rights for any length of time upon revocation.
In summary, we believe that upon the revocation of the dedication of certain streets and alleyways of the Village of Jamestown, the streets and alleyways, and the mineral rights thereunder, become the property of the owner or owners contiguous thereto.
I hope that this response sufficiently addressed your concerns and if we may be of further service, please do not hesitate to contact our office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _____________________________ CHARLES F. PERRY Assistant Attorney General
RPI/CFP/tp
Date Requested: January 31, 2002
Date Released: April 5, 2002